This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RONALD DE PIAZZA,**

    Plaintiff-Appellant,

v.                                                    **NO. 34,611**

**CITIBANK, N.A.,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Ronald De Piazza
Las Cruces, NM

Pro Se Appellant

The Moore Law Group, P.C.
Francella M. Wright
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}      Defendant appeals from a district court judgment granting summary judgment and awarding Plaintiff money due on a credit card account. We issued a calendar notice proposing to affirm. Defendant responded by filing a "Brief in Chief." We

construe this pleading as a memorandum in opposition to our calendar notice. Plaintiff filed a response, and Defendant has filed a reply. We affirm the district court.

{2}    **Issue 1:** Defendant continues to challenge the order granting summary judgment on Plaintiff's complaint for money due on credit card debt. [MIO 6] Defendant did not contest the debt that was due in this case; instead, he argued that Plaintiff's counsel was acting in the capacity as a debt collector and was somehow in violation of the Fair Debt Collection Practices Act. [RP 115] Defendant has provided no basis for establishing that the act would apply to a lawsuit for money due instituted by an original creditor. In the absence of such authority, we affirm. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{3}    **Issues 2, 3:** Defendant claims that the district court judge was biased against him. [MIO 6] With respect to this allegation, "[r]ulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it[,] even if the rulings are later found to have been legally incorrect." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231. We also note that a judge's opinions based on the facts of the proceedings, even if hostile, do not establish bias. *See US W. Commc'ns, Inc. v. N.M. State Corp. Comm'n*, 1999-NMSC-016, ¶ 44, 127 N.M. 254, 980 P.2d 37. Here, Petitioner has not referred us to

anything in the record that supports his claim that the judge was biased, other than the fact the judge ruled against him. To the extent that Defendant continues to argue that the judge was wrong, he needed to make this argument under issue 1.

**{4}** **Issue 4:** Defendant continues to argue that the cumulative error in this case amounted to a violation of due process. [MIO 7] Because we hold that there was no error, we further conclude that there was no cumulative error. *See State v. Bent*, 2013-NMCA-108, ¶ 37, 328 P.3d 677 (stating that "[w]hen there is no error, there is no cumulative error" (internal quotation marks and citation omitted)).

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**